WITHEROW v. SOUTH SIDE TRUST CO. OF PITTSBURGH.

(Circuit Court of Appeals, Third Circuit. October 3, 1910.)

No. 1,296.

BANKRUPTCY (§ 318*)—CLAIMS—RENTS.

    A contract between W., the lessee of a hotel, and B., subsequently adjudged a bankrupt, provided that the latter should pay to W. as rent a specified sum in monthly instalments, making actual payment, however, to the original lessor, whose receipts delivered to W. within five days after due and prompt payment of each instalment of rent, should be a complete discharge of B. from his liability for that instalment; it being agreed that, should the rent remain unpaid for 60 days after it became due, W., at his option, might consider B. as tenant at will and re-enter after 15 days' notice, and that B., his heirs, etc., waived the benefit of all exemption laws in the execution of any judgment for rent. *Held*, that, whether the contract should be treated as an assignment on the one hand, or a sublease on the other, the provision for actual payment of rent by B. to the original lessor dominated all the expressions in the contract apparently inconsistent with it, and reserved to the original lessor the exclusive right to collect the rent and to proceed by distress against B.'s property, so that W. could not maintain a claim for rent in arrear against B.'s estate in bankruptcy.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 318.*]

Appeal from the District Court of the United States for the Western District of Pennsylvania.

Action by William Witherow against the South Side Trust Company of Pittsburgh, as trustee in bankruptcy of the estate of Howard Bayley, bankrupt. From a decree affirming a referee's decision overruling exceptions to the final account, Witherow appeals. Affirmed.

Thomas Patterson, John C. Slack, and W. D. N. Rogers (Patterson, Sterrett & Acheson and Richardson & Rogers, of counsel), for appellant.

J. M. Shields (W. S. Thomas, of counsel), for appellee.

Before BUFFINGTON and LANNING, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. This case is before us on an appeal by William Witherow from a decree of the district court of the United States for the western district of Pennsylvania, affirming a decision of a referee in bankruptcy overruling exceptions taken by Witherow to the final account of the South Side Trust Company of Pittsburgh, trustee of the estate of Howard Bayley, bankrupt. The Hotel Duquesne, in Pittsburgh, Pennsylvania, was leased by A. W. Mellon, its owner, to William Witherow, the appellant, by an instrument under seal bearing date October 20, 1903, for a term of ten years from and after April 1, 1904, for an annual rental of $30,000, payable in monthly instalments of $2,500 on the first day of each month beginning April 1, 1904. Witherow having taken possession of the premises under the lease entered as party of the first part into an agreement under seal with Howard Bayley as party of the second part, bearing date June 22, 1906, which contained, among others, the following provisions:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Whereas the parties hereto have entered into an agreement dated June 12, 1906, whereby the first party agreed to sell to the second party the first party's hotel business known as Hotel Duquesne, and to sublet to the second party the premises * * * which the first party holds under a lease from A. W. Mellon, and in which the first party has heretofore carried on said hotel business, to have and to hold for the remainder of the term of said lease, subject to each and all of the provisions thereof, and upon the same terms and conditions and for the same rental as therein provided so far as they may apply to this sublease: * * * Now this agreement, made for the purpose of carrying into effect the above-recited contract between the parties hereto, except in so far as the terms of the Mellon lease may herein be expressly modified or supplemented, and for the purpose of establishing between the parties hereto the relation of landlord and tenant, with all the right and liabilities attaching to that relation at law, in equity and by statute: Witnesseth, that the first party hereby sublets to the second party from the twenty-fifth day of June, 1906, for and during the term of seven years, nine months and seven days, that is until April 1st, 1914, reserving as rent the several sums hereinafter covenanted to be paid by the second party, the following described premises: All that certain building, curtilage and appurtenance known as the Hotel Duquesne. * * * In consideration whereof the second party, for himself, his heirs, executors, administrators and assigns, covenants and agrees that he will pay to the first party as rent the sum of two hundred and thirty two thousand five hundred dollars ($232,500), in the manner following: Twenty-five hundred dollars ($2,500) on the first day of July, 1906, and the sum of twenty-five hundred dollars ($2,500) on the first day of each and every month following the date last aforesaid until the whole amount of said rent is paid, making actual payment, however, of said several sums to A. W. Mellon, whose receipts, delivered to the first party within five days after due and prompt payment of each installment of rent, shall be a complete discharge of the second party from his liability for said installment. * * * It is agreed between the parties hereto that should the aforesaid rent or any part thereof * * * remain unpaid for a period of sixty days after the same shall become due and payable, the first party at his option may then consider the second party as tenant at will and may after fifteen days' notice in writing, left upon the premises, re-enter and re-possess himself of said premises, using such and so much force as is necessary to that end. And the second party, for himself, his heirs, executors, administrators and assigns, hereby waives the benefit of all laws and Acts of Assembly exempting property of any amount of value from levy and sale on execution or distress for rent upon any landlord's warrant that may be issued, or upon any execution or any judgment that may be recovered for rent to become due under this lease. It is further agreed between the parties hereto that the second party shall give up possession of the leased premises promptly at the end of the term, or at the time of such earlier termination thereof as may result from the enforcement of this contract, without any other or further notice so to do than this contract expressly provides for."

The above agreement contains other provisions unnecessary here to be quoted. Bayley entered into possession of the hotel premises under this agreement and by August 1, 1907, made default with respect to the payment of several of the monthly instalments, amounting in the aggregate to upwards of $14,000. Witherow on or about that day issued a landlord's warrant for the collection of such overdue and unpaid instalments as rent, under which levy was made upon the furniture, fixtures and other chattels of Bayley in the hotel. Bayley on his own petition, filed August 6, 1907, was on that day adjudicated a bankrupt, and on the same day Witherow and the Pittsburgh Brewing Company obtained the appointment of the South Side Trust Company of Pittsburgh as receiver to take charge of all the assets of the bankrupt and

conduct the business of the hotel. With the acquiescence of Witherow an order was obtained on the next following day restraining him from further proceeding on the warrant. Subsequently, September 7, 1907, the South Side Trust Company of Pittsburgh was appointed trustee of the estate of the bankrupt. During the course of the administration of the bankrupt's estate, Witherow became the purchaser of the personal property which had been seized under the distress warrant for the price of $4,325, which amount after confirmation of the sale he paid to the trustee. The trustee filed its second and final account in September, 1908, showing a balance of $267.83 due the trustee. To this account Witherow took six exceptions. It is unnecessary to refer to them in detail. They were all bottomed upon or related either directly or indirectly to the failure of the trustee to recognize his claim to receive rent under the above mentioned agreement of June 22, 1906. The exceptions were overruled by the referee, and in his findings and decision Witherow alleged error. There are thirteen assignments. They, like his exceptions to the final account of the trustee, all turn upon whatever rights he may have had under the agreement of June 22, 1906; for it does not appear that aside from that agreement he has any claim against the estate of the bankrupt. The decision of the question presented by the tenth assignment will be sufficient to dispose of this case. That assignment is as follows:

"10th. The court erred in dismissing the ninth exception of William Witherow to the report of the referee relating to the finding by the referee that the right of distress was not reserved in the lease aforesaid."

The ninth exception referred to is as follows:

"Ninth. The referee erred in his finding that the right of distress was not reserved to your petitioner by the terms of the aforesaid contract of lease."

There has been much contention between counsel over the question whether the agreement of June 22, 1906, was a sub-lease, on the one hand, or, on the other, an assignment. But in the view we take of the case this point is wholly immaterial. Whatever name may be applied to that instrument or whatever may be its general nature, the vital question is whether or not Witherow had a right under its provisions, express or implied, by any proceeding in invitum to collect as rent from Bayley or his estate in bankruptcy the sum or any part of the sum for which the distress warrant was issued. For the proper determination of this question the agreement must be read as a whole. It is true that it is therein stated that it was made "for the purpose of establishing between the parties hereto the relation of landlord and tenant, with all the right and liabilities attaching to that relation at law, in equity and by statute," and, further, that Bayley "waives the benefit of all laws and Acts of Assembly exempting property of any amount of value from levy and sale on execution or distress for rent upon any landlord's warrant that may be issued, or upon any execution or any judgment that may be recovered for rent to become due under this lease." It is, however, nowhere expressly provided in the agreement that the party of the first part, Witherow, should have a right to issue a landlord's warrant or distrain for or otherwise collect the several sums specified as rent or any part thereof. It is expressly provided,

on the contrary, that "actual payment" of the several sums specified as instalments of rent should be made to Mellon whose receipts, delivered to Witherow as stipulated, should be a complete discharge of Bayley from his liability for the instalments so receipted for. It fairly may be inferred from the somewhat unusual character of this provision that it was inserted not without due consideration by the parties, and to effectuate their actual intention. Its purpose is manifest. Bayley's payment of the stipulated instalments to Mellon would not only relieve Witherow from all obligation to pay to Mellon corresponding instalments of rent equal in amount falling due under the lease from Mellon to him, but at the same time protect Bayley against the enforcement by Witherow of what would otherwise have been a liability to him on Bayley's part. The provision for actual payment by Bayley to Mellon of the instalments is controlling. It dominates all expressions apparently inconsistent with it. It conferred upon Mellon the exclusive right to demand and collect the stipulated instalments from Bayley, and, having such exclusive right, Mellon alone had authority under the agreement to proceed by way of distress against Bayley's property. There is nothing in the agreement to indicate that the instalments so to be paid by Bayley to Mellon were to be received by the latter as the agent of Witherow or for the beneficial use of the latter. Nor did the doctrine of subrogation confer upon Witherow even a color of right to distrain. It does not appear that he paid to Mellon any instalment or any part thereof accruing after the execution of the agreement between Witherow and Bayley. It is unnecessary to express any opinion as to the effect of such a payment, had one been made. We are satisfied that Witherow had no right to distrain for the instalments in question or to receive any part thereof from the estate of the bankrupt. This conclusion renders any consideration of the other questions raised in the case unnecessary. For, as already stated, aside from his alleged claim for rent Witherow has made no demand against the bankrupt estate. The decree of the court below must be affirmed, with costs, and it is so ordered.